THIS OPINION IS A
PRECEDENT OF THE TTAB

**UNITED STATES PATENT AND TRADEMARK OFFICE**
**Trademark Trial and Appeal Board**
**P.O. Box 1451**
**Alexandria, VA 22313-1451**

Mailed: February 10, 2009

Cancellation No. 92050044

The Equine Touch Foundation,
Inc.

v.

Equinology, Inc.

**Cindy B. Greenbaum, Managing Interlocutory Attorney:**

On October 9, 2008, petitioner used the Board's electronic filing system ("ESTTA"), to file a petition to cancel Registration No. 2883802, indicating through an appropriate designation on the ESTTA filing form that service of the petition had been made upon its adversary on the same day. Petitioner asserts that the mark in the registration is merely descriptive and unregistrable under Section 2(e)(1) of the Trademark Act.[1]

The Board instituted proceedings on October 10, 2008, and respondent, through counsel, timely filed an answer on November 17, 2008.

---

[1] The registration, for the mark **EQUINE BODY WORKER** for "providing courses of instruction and educational testing in the field of equine massage, anatomy, and exercise physiology" in International Class 41, issued on September 14, 2004.

Cancellation No. 92050044

In a letter dated October 9, 2008, counsel for petitioner informed the Board that he had not, in fact, served the petition upon respondent because counsel interpreted the Trademark Trial and Appeal Board's Manual of Procedure ("TBMP") "as excusing the petitioner from making service" and that "the TTAB will make service."[2] Counsel for petitioner subsequently realized his error, and on October 16, 2008, sent a letter to counsel for respondent enclosing a service copy of the petition.[3] The following day, petitioner filed a motion to amend the

_____

[2] Counsel requested clarification if he had misinterpreted the TBMP. Because counsel appears to have been uncertain about interpretation of the manual and his service obligations, it clearly would have been better to clarify the proper practice prior to rather than after filing the petition. Additionally, parties are reminded to read the TBMP in conjunction with any statutory, regulatory, or judicial changes which have occurred since the last revision.

[3] Petitioner filed a copy of this letter with the Board. The Board notes that it was incorrect for petitioner to serve the petition on counsel for respondent, rather than on respondent, i.e., the owner of the registration. A petition is to be served on the owner of the registration or its domestic representative, if one has been appointed, at the correspondence address of record for the owner or domestic representative, if any. See Trademark Rule 2.111(b). Nonetheless, as previously noted, counsel for respondent has filed an answer and it is clear that respondent will be represented by counsel in this proceeding. Under these circumstances, therefore, petitioner need not forward a service copy directly to respondent. The Board also notes, however, that in the ESTTA cover sheet for the answer, counsel for respondent has listed respondent's address, rather than counsel's own address, as the correspondence address for respondent. If counsel intends to represent respondent throughout the remainder of this proceeding, counsel should file a change of correspondence address to list himself and his address as the address for correspondence from the Board and future service copies from petitioner.

2

petition "to state that service was made," via first class mail, on "October 16, 2008," and to amend the petition's proof of service accordingly.

Amended Trademark Rule 2.111(a), effective November 1, 2007, states that a petition to cancel "*must* include proof of service on the owner of record for the registration, or the owner's domestic representative of record, at the correspondence address of record in the Office, as detailed in §§ 2.111(b) and 2.119" (emphasis added).[4]  While respondent did not file a motion to dismiss this case as a nullity, it is obvious to the Board that petitioner did not satisfy the service requirements detailed in Trademark Rules 2.111(a), 2.111(b) and 2.111(c)(4) on October 9, 2008, because petitioner did not actually serve the

---

[4] The USPTO published a notice of final rulemaking in the Federal Register on August 1, 2007, at 72 Fed. Reg. 42242.  By this notice, various rules governing Trademark Trial and Appeal Board inter partes proceedings were amended.  Certain amendments had an effective date of August 31, 2007, while most had an effective date of November 1, 2007.  Prior to November 1, 2007, a petitioner was not required to serve its petition to cancel upon its adversary.  Instead, in cases commenced prior to November 1, 2007, a petitioner was able, under Trademark Rule 2.112(a), to simply file its petition to cancel, and any exhibits thereto, in duplicate form with the Board.  Upon receipt, the Board would then forward the duplicate or service copy of the petition to cancel, and any exhibits thereto, directly to the owner of the registration along with an order instituting proceedings, in accordance with Trademark Rule 2.113.  Both of these rules have been amended.  The final rule and a chart summarizing the affected rules, their changes, and effective dates, are viewable on the USPTO website at these web addresses:
http://www.uspto.gov/web/offices/com/sol/notices/72fr42242.pdf
http://www.uspto.gov/web/offices/com/sol/notices/72fr42242_FinalRuleChart.pdf

petition on that date.[5]  Petitioner does not dispute this point.  Thus, although the Board accorded the petition an October 9, 2008 "filing date" based on petitioner's ESTTA filing, petitioner clearly is not entitled to such a filing date because it failed to comply with its service obligations on that date.

If this case were an opposition proceeding, and October 9, 2008 had been the deadline for filing a notice of opposition, proof of subsequent service of the notice on defendant or its counsel would be insufficient and the case would have to be dismissed as a nullity.  *See Springfield Inc. v. XD*, 86 USPQ2d 1063 (TTAB 2008) and *In re Sasson Licensing Corp.*, 35 USPQ2d 1510, 1512 (Comm'r 1995).[6] However, unlike a notice of opposition wherein an opposer

---

[5] The parties should bear in mind that a plaintiff who files its complaint through ESTTA cannot complete the process unless it confirms that it has forwarded a service copy of its complaint to all parties at their addresses of record.  Such confirmation then appears on the ESTTA generated filing form for the attached complaint, and the filing form is considered part of the plaintiff's initial pleading.  Therefore, any plaintiff who files a complaint through ESTTA is viewed by the Board as having included proof of service with its pleading.  Actual forwarding of the service copy, however, is the responsibility of the filer, as ESTTA does not effect service for the filer.

[6] The time for filing a notice of opposition is statutory and cannot be waived by the Board; and the filing date for a notice of opposition is dependent on, among other things, forwarding of a service copy and inclusion of proof of service when the opposition is filed.  Thus, if opposer's service of a notice of opposition, or its submission of proof of service, occurs after the close of the opposition period, including any granted extensions, the filing date would fall outside the opposition period and the Board would refuse the opposition as untimely.

cannot remedy a failure to comply with the service requirements if the remedy is provided *after* the close of the opposition period, as originally set or as extended, a petition to cancel a registration issued on the Principal Register on a claim that the mark is merely descriptive may be filed at any time within five years from the date of the registration of the mark. Since the mark in this case registered on September 14, 2004, petitioner has until the fifth anniversary of the date of the registration, namely, September 14, 2009, to properly file a petition to cancel asserting a claim of descriptiveness.

Inasmuch as petitioner acted promptly to cure its acknowledged failure of service, and given the fact that this petition would not be time-barred as of the date of actual compliance with the service requirement, petitioner cured the defective filing by its amendment of the proof of service. Therefore, the Board will not dismiss this petition as a nullity but instead will accord the petition a new filing date of October 17, 2008, which is the date of such amendment.

Finally, the Board notes that on November 17, 2008, petitioner filed several items "in support of" its petition to cancel. However, evidentiary matters should not be pleaded in or with a complaint or filed at any time other

than the petitioner's assigned time for submitting evidence, i.e., its assigned testimony period.  Moreover, with the exception of a plaintiff's pleaded registrations, which may be filed along with the petition to cancel or notice of opposition, documents and other exhibits may be made of record only during the testimony period of the offering party in the following two ways: (1) they may be introduced by a witness during the course of a deposition, and (2) they may be submitted pursuant to a notice of reliance filed with the Board if they meet the requirements of Trademark Rule 2.120 or 2.122.  *See* generally, TBMP Chapter 700 (2nd ed. rev. 2004).[7]  In view thereof, petitioner's November 17, 2008 submission will not be given any further consideration.

Dates, including the deadline for the discovery and settlement planning conference, are reset as follows:

| | |
|---|---|
| Deadline for Discovery Conference | **3/12/2009** |
| Discovery Opens | **3/12/2009** |
| Initial Disclosures Due | **4/11/2009** |
| Expert Disclosures Due | **8/9/2009** |
| Discovery Closes | **9/8/2009** |
| Plaintiff's Pretrial Disclosures | **10/23/2009** |
| Plaintiff's 30-day Trial Period Ends | **12/7/2009** |
| Defendant's Pretrial Disclosures | **12/22/2009** |
| Defendant's 30-day Trial Period Ends | **2/5/2010** |

---

[7] Documents of any type which may not be submitted with a Notice of Reliance may nonetheless be introduced during a party's testimony period without the need of introduction by a witness, if the parties stipulate to entry of the documents.  In such circumstances, the stipulation must be made of record prior to or with the submission of documents.  The Board encourages stipulations that ease the introduction of evidence.

Cancellation No. 92050044

Plaintiff's Rebuttal Disclosures                              **2/20/2010**
Plaintiff's 15-day Rebuttal Period Ends                       **3/22/2010**


     In each instance, a copy of the transcript of

testimony, together with copies of documentary exhibits,

must be served on the adverse party within thirty days

after completion of the taking of testimony.  *See* Trademark

Rule 2.l25.

     Briefs shall be filed in accordance with Trademark

Rules 2.128(a) and (b).  An oral hearing will be set only

upon request filed as provided by Trademark Rule 2.l29.

### Board's Standard Protective Order:

By one rule change effective August 31, 2007, the Board's
standard protective order is made applicable to all TTAB
inter partes cases, whether already pending or commenced on
or after that date.  However, as explained in the final
rule and chart, this change will not affect any case in
which any protective order has already been approved or
imposed by the Board.  Further, as explained in the final
rule, parties are free to agree to a substitute protective
order or to supplement or amend the standard order even
after August 31, 2007, subject to Board approval.  The
standard protective order can be viewed using the following
web address:
http://www.uspto.gov/web/offices/dcom/ttab/tbmp/stndagmnt.htm